### GREEN v. BURNHAM and BROWN.

In a judgment creditor's suit, the following objections were held to be untenable, viz:
1. That the direction in the execution at law to levy on the real estate of the debtor, stated the day from which his lands were liable, six days short of the actual liability.
2. That the execution was issued within less than thirty days after the recovery of the judgment.
3. That the sheriff's return on the execution, bore date prior to the return day; it not being shown that he parted with the writ till after the return day.

Ithaca, Sept. 23; October 28, 1847.

THIS was a suit by a judgment creditor of Burnham, in which Brown was made a defendant as having received a conveyance of twelve acres of land in Portage, Allegany county, of which Burnham owned an undivided half.

The interest of Burnham was established, and an effort was made to prove that Brown was privy to a fraudulent design in the conveyance, and thereupon to charge him with costs. The questions principally discussed at the hearing, arose upon sundry objections made by Brown to the complainant's case, upon his proceedings at law. The facts on this head are stated in the opinion of the court; as is the conclusion upon the costs.

*L. C. Peck*, for the complainant.

*Ben Johnson*, for the defendant Brown.

THE ASSISTANT VICE-CHANCELLOR.—It is not a valid objection to the execution at law, that it directed the sheriff to levy upon the defendant's lands whereof he was seized on the 1st of February; when the direction might have been given from the twenty-sixth day of January. If the day had been wholly omitted, the sheriff would have been authorized to take all the lands the defendant had when he received the execution; so that the legal remedy was exhausted by the issuing and return of the process. The defendant Brown made two objections to the complainant's case as founded upon this execution:

1. That it was issued within less than thirty days after the

recovery of the judgment, and is therefore void. This render-ed the writ voidable on the application of the judgment debtor; but it does not impair its force as to strangers.

2. The other objection was, that the execution was returned by the sheriff before the end of sixty days from its receipt.

The sheriff's return indorsed on the writ, bears date within the sixty days, but it was not filed till after that term had ex-pired. There is no evidence that the sheriff parted with the possession of the writ till after the sixty days expired; and the return speaks from the date that it was filed in the clerk's office.

There is no force in either of the objections.

The only remaining question is as to the costs, which are claimed against Brown, on the ground that he was privy to a fraudulent intent on the part of Burnham in having the whole title conveyed to him, when he owned no more than an undi-vided half of the land purchased of Canfield.

I have read the testimony, and do not find any satisfactory proof of Brown's being a party to the alleged fraud;—and he will not be charged with costs.

The complainant is entitled to a decree for his debt, interest and costs out of the undivided half of the land; according to his priority in reference to other creditor's suits.